IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GUNTON CORPORATION<br>26150 Richmond Road<br>Bedford Heights, Ohio 44146<br>Plaintiff<br><br>vs.<br><br>TOA CONSTRUCTION CORPORATION<br>1235 Westlakes Drive, Suite 300<br>Berwyn, Pennsylvania 19312<br><br>Defendant | CIVIL ACTION NO:<br>2:23-2003<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Gunton Corporation ("Gunton"), brings this action for breach of contract, fraudulent inducement, and unjust enrichment, and, in support thereof avers as follows:

## THE PARTIES

1. Plaintiff Gunton Corporation is an Ohio Corporation with its principal place of business located at 26150 Richmond Road, Bedford Heights, Ohio 44146.

2. Defendant TOA Construction Corporation ("TOA") is a Pennsylvania Corporation with its principal place of business located at 1235 Westlakes Drive, Suite 300, Berwyn, Pennsylvania 19312.

17403909-1

## JURISDICTION AND VENUE

3.     Subject-matter jurisdiction is proper over this action because of the complete diversity of jurisdiction.

4.     The Building Supply Agreement provides that all disputes shall be construed in accordance with the laws of the Commonwealth of Pennsylvania and jurisdiction and venue for any litigation arising out of the Agreement shall be in Pennsylvania.

5.     The amount in controversy exceeds $75,000.00.

## FACTS

6.     In or around the summer of 2020, TOA approached Gunton to discuss the purchase of windows for multiple construction sites.

7.     According to TOA's website, TOA is an award winning builder of new homes for those fifty-five years of age and older.

8.     On October 2, 2020, TOA provided Gunton with a Building Supply Agreement ("Agreement"). (*See* 10/2/20 Email with Building Supply Agreement [Exhibit "A"]).

9.     On October 7, 2020, Gunton accepted the offer by signing the Agreement and returning same to TOA. (*See* Agreement [Exhibit "B"]).

10.    Pursuant to the Agreement, TOA would order windows through a purchase order or work order.

11.    Gunton would then order the windows and "deliver such materials to the construction sites or other destinations specified by [TOA]." *Id.* at ¶3a.

12.    The Agreement further provides TOA with a right to inspect the windows. *Id.* at ¶4a.

13.     In fact, TOA had thirty days from the date of the delivery to notify Gunton of any nonconformities or otherwise reject the materials. *Id.* at ¶3b.

14.     On October 21, 2020, Gunton received the first order from TOA.

15.     Gunton continues to receive orders and service requests from TOA and homeowners.

16.     TOA did not always follow its proscribed process for ordering windows during that time period.

17.     In fact, TOA routinely instructed Gunton to expand the original order to accommodate upgrades and/or other changes in the specifications.

18.     Gunton filled all of the orders pursuant to the directions and instructions of TOA.

19.     Gunton delivered the windows to TOA as instructed.

20.     At no time did TOA ever refuse acceptance or delivery of the windows.

21.     TOA never invoked the provisions of the Agreement which permit the rejection of windows within thirty days of delivery.

22.     TOA tendered payment for some, but not all of the windows delivered and accepted.

23.     To date, the outstanding balance totals $553,978.00.

## COUNT I
## BREACH OF CONTRACT

24.     Gunton incorporates by reference the preceding paragraphs as though fully restated herein.

25.     TOA offered to purchase windows through Gunton for use on various construction sites. (*See* 10/2/20 Email [Exhibit "A"]).

26. Gunton accepted the offer by signing the Agreement and returning same to TOA. (*See* Agreement [Exhibit "B"]).

27. Thereafter, TOA began ordering windows from Gunton.

28. Gunton satisfied those orders and delivered windows in compliance with TOA instructions.

29. TOA accepted delivery of the windows.

30. TOA did not reject any of the windows at issue within thirty days of delivery as permitted by the Agreement.

31. Gunton issued invoices seeking payment for the windows.

32. TOA tendered payment for some, but not all of the windows.

33. TOA breached the Agreement by refusing to tender payment for windows it ordered, received, and accepted.

34. As a direct and proximate cause of TOA's breach, Gunton sustained damages in the sum of $553,978.00.

**WHEREFORE**, Plaintiff Gunton Corporation respectfully requests this Honorable Court to enter an award in its favor and against TOA and award Plaintiff damages in the sum of $553,978.00 plus interest, costs, attorneys' fees, and any such relief as the Court deems just and proper.

## COUNT II
## FRAUDULENT INDUCEMENT

35. Gunton incorporates by reference the preceding paragraphs as though fully restated herein.

36. The Agreement TOA offered required a formal purchase order for all window orders placed.

37. TOA had no intention of abiding by that requirement at the time it offered the Agreement.

38. TOA repeatedly contacted Gunton to amend prior purchase orders, expand the number of windows in a given order, and/or otherwise amend the type of windows at issue in said orders.

39. TOA's employees, agents and assigns knowingly misrepresented that Gunton would be compensated for the additional windows.

40. TOA's employees, agents and assigns made these false and misleading misrepresentations intending to induce Gunton to rely on said representations and fulfill the various orders.

41. Gunton justifiably relied upon the misrepresentations of TOA and fulfilled the orders pursuant to the instructions of TOA's employees, agents, and assigns.

42. As a direct and proximate result of the fraudulent inducement, Gunton sustained losses in the sum of unpaid orders for windows delivered to and accepted by TOA.

43. Gunton seeks to recover $553,978.00 which represents the balance on unpaid invoices for windows delivered to and accepted by TOA as well as the costs associated with orders placed by TOA that remain in Gunton's inventory.

**WHEREFORE**, Plaintiff Gunton Corporation respectfully requests this Honorable Court to enter an award in its favor and against TOA and award Plaintiff damages in the sum of

$553,978.00 plus interest, costs, attorneys' fees, and any such relief as the Court deems just and proper.

## COUNT III
## UNJUST ENRICHMENT

44. Gunton incorporates by reference the preceding paragraphs as though fully restated herein.

45. To the extent TOA denies the existence of a contract by and between TOA and Gunton, then Gunton is entitled to assert a claim for unjust enrichment.

46. To the extent TOA denies the existence of a contract, then this Court has jurisdiction over the unjust enrichment claim due to complete diversity of citizenship and an amount in controversy in excess of $75,000.00.

47. TOA has been unjustly enriched by virtue retention of windows ordered through Gunton for which TOA has yet to tender payment.

48. Gunton sold windows to TOA from late 2020 until 2023.

49. TOA received consideration for an agreement in that it received and accepted windows from Gunton for use at TOA construction sites.

50. It is unjust to permit TOA to avoid payment for windows ordered and delivered pursuant to TOA's instructions.

51. In short, Gunton conferred a benefit upon TOA by providing windows and TOA failed to tender payment for same.

52. Accordingly, Gunton is entitled to recover the cost of the windows delivered to and accepted by TOA under the doctrine of unjust enrichment.

**WHEREFORE**, Plaintiff Gunton respectfully requests this Honorable Court enter an award in its favor and against TOA and award Plaintiff damages of $553,978.00 plus interest, costs, attorneys' fees, and any such relief as the Court deems just and proper.

                                                **RAWLE & HENDERSON** LLP

By: _____
John C. McMeekin II, Esquire
Attorneys for Plaintiff,
Gunton Corporation

Dated: November 16, 2023

## VERIFICATION

I, Reggie Stacy, hereby verify that I am the plaintiff in this matter and that the facts set forth in the foregoing Complaint are true and correct based on my personal knowledge. I understand that I am subject to punishment if I knowingly submit false information.

Reggie Stacy,
Gunton Corporation

Dated: 11.16.23