IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GUNTON CORPORATION, | ) |
| Plaintiff, | ) Civil Action No. 2:23-2003 |
| | ) Magistrate Judge Patricia L. Dodge |
| v. | ) |
| TOA CONSTRUCTION CORPORATION, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**[1]

Plaintiff Gunton Corporation ("Gunton") brings this civil action against Defendant TOA Construction Corporation ("TOA"), alleging breach of contract, fraudulent inducement, and unjust enrichment. Pending before the Court is TOA's motion for partial dismissal (ECF No. 10). For the following reasons, the motion will be granted in part and denied in part.

**I.   Relevant Factual and Procedural History**

TOA, a residential building company, first approached Gunton, a window supplier, in the summer of 2020 to inquire about purchasing windows for use in several of TOA's upcoming construction projects. (ECF No. 1.) On October 2, 2020, TOA sent Gunton a Building Supply Agreement ("the Agreement").[2] (*Id.* ¶ 8.) The Agreement expressly states:

> **PURCHASE ORDER.** CONTRACTOR AND SUPPLIED [sic] ACKNOWLEDGE AND AGREE THAT SUPPLIER SHALL PERFORM AND COMPLETE WORK IN ACCORDANCE WITH THIS AGREEMENT WHEN, AND ONLY WHEN, CONTRACTOR PROVIDES A PURCHASE OR WORK ORDER TO SUPPLIER (TOGETHER HEREINAFTER REFERRED TO AS "PURCHASE DOCUMENTS").

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case. The undersigned therefore has the authority to decide dispositive motions and enter final judgment.

[2] Gunton attached a copy of the Agreement to their Complaint. (ECF No. 1-2 at 10-15.)

(ECF No. 1-2 at 3.)  The Agreement provides that upon receiving a purchase order, Gunton is to fill the order and deliver the windows to a TOA designated location, most often a construction site. (*Id.* at 10.)  Once delivered, TOA has the right to "inspect, count, and test all materials ordered and received" and can reject any nonconforming windows by providing Gunton written notice of the nonconformity within thirty days of accepting delivery.  (*Id.* at 11.)

On October 7, 2020, Gunton returned a signed copy of the Agreement to TOA.  (ECF No. 1 ¶ 9.)  TOA placed its first window order on October 21, 2020.  (*Id.* ¶ 14.)  Although TOA drafted the Agreement, Gunton alleges that TOA has not always complied with the Agreement's mandated ordering protocol and "routinely instructed Gunton to expand the original order to accommodate upgrades and/or other changes in the specifications."  (*Id.* ¶ 17.)  Gunton maintains that it filled all orders pursuant to TOA's directions and delivered the orders as instructed.  (*Id.* ¶¶ 18-19.)  TOA has purportedly never refused acceptance or delivery or attempted to invoke the Agreement's rejection provision.  (*Id.* ¶¶ 20-21.)  Despite this, Gunton alleges, TOA has paid for some, but not all, of the delivered and accepted windows, resulting in an outstanding balance of $553,978.00. (*Id.* ¶¶ 22-23.)

Gunton filed suit against TOA on November 16, 2023, asserting claims for breach of contract (Count I), fraudulent inducement (Count II), and unjust enrichment (Count III).  On February 9, 2024, TOA responded by filing a partial motion to dismiss in which it seeks dismissal of both the fraudulent inducement and unjust enrichment claims.[3]  (ECF No. 10.)  The motion has now been fully briefed (ECF Nos. 11, 15, 18), and is ripe for consideration.

---

[3]  TOA initially filed a motion to dismiss on January 29, 2024 (ECF No. 7), but it was dismissed without prejudice for failing to comply with the Court's meet and confer requirement (ECF No. 9).

**II.     Legal Standard**

Under the Federal Rules of Civil Procedure, a complaint may be dismissed, in whole or in part, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). While "accept[ing] all of the complaint's well-pleaded facts as true," the court "may disregard any legal conclusions." *Id.* at 210-11. The court "generally considers only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004).

A complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In short, the

plaintiff "must plead facts sufficient to show that [their] claim has substantive plausibility." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10 (2014).

To assess the sufficiency of a complaint under *Twombly* and *Iqbal*, a court must: (1) outline the elements plaintiff must plead to state a claim for relief; (2) peel away allegations that amount to mere conclusions and are thus not entitled to the assumption of truth; (3) look for well-pled factual allegations, assume their veracity, and determine whether they plausibly give rise to an entitlement to relief. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). The court's plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### III.   Discussion

#### A. Fraudulent inducement

1. *Gist of the action doctrine*

TOA first moves for dismissal on the grounds that Gunton's fraudulent inducement claim is barred by Pennsylvania's gist of the action doctrine. TOA argues that Gunton merely "rebranded" its breach of contract claim as one for fraudulent inducement and that, but for the Agreement, the fraudulent inducement claim would not exist. They contend that the duties alleged to have been breached in both claims are grounded in contract and that there could therefore be no liability for either claim absent the contract.[4] TOA also points out that both claims seek damages

---

[4] As to liability, TOA cites two allegations from Counts I and II as being "materially indistinct." Count I (breach of contract) alleges: "TOA breached the Agreement by refusing to tender payment for windows it ordered, received, and accepted." (ECF No. 1 ¶ 33.) Count II (fraudulent inducement) alleges: "TOA's employees, agents and assigns knowingly misrepresented that Gunton would be compensated for the additional windows." (*Id.* ¶ 39.) While these allegations may sound similar when read in isolation, when taken as a whole, the misrepresentations alleged in Count II refer to representations by TOA employees allegedly made both before the Agreement was signed and when existing orders were changed.

to remedy the same harm (nonpayment for windows) and in the same amount ($553,978.00). (*See* ECF No. 11 at 5-8.)

In response, Gunton argues that the gist of the action doctrine does not apply because the fraudulent inducement claim centers on orders placed contrary to the express terms of the Agreement, thereby placing them outside the scope of a breach of contract claim. Gunton notes that "[t]o preclude [Gunton] from pursuing these claims would permit [TOA] to Answer the Complaint, deny said claims fall within the confines of the contract, and escape liability for the payment of windows [TOA] ordered, received, and accepted. In other words, the claim invokes not a contractual obligation, but a broader social duty." (ECF No. 15 at 7.)

In Pennsylvania, "the gist of the action doctrine precludes a party from raising tort claims where the essence of the claim actually lies in a contract that governs the parties' relationship." *Sullivan v. Chartwell Inv. Partners, LP*, 873 A.2d 710, 719 (Pa. Super. Ct. 2005). The doctrine "is designed to maintain the conceptual distinction between breach of contract claims and tort claims . . . [and] precludes plaintiffs from re-casting ordinary breach of contract claims into tort claims." *Id.* (quoting *eToll, Inc. v. Elias/Savion Advert., Inc.*, 811 A.2d 10, 14 (Pa. Super. Ct. 2002)). As explained by the Third Circuit:

> Courts differentiate tort from contract claims, in part, by the source of the duty imposed on the defendant: Tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals.

*Chemetech Int'l v. Chem. Injection Techs.*, 170 F. App'x 805, 806 (3d Cir. 2006).

The Pennsylvania Superior Court recognizes that although claims for fraud in the performance of a contract are often barred by the doctrine, "the gist of the action doctrine would not necessarily bar a fraud claim stemming from the fraudulent inducement to enter into a

5

contract." *Sullivan*, 873 A.2d at 719 (citing and quoting *Air Prods. & Chems., Inc. v. Eaton Metal Prods. Co.*, 256 F. Supp. 2d 329, 341 (E.D. Pa. 2003) ("fraud in the inducement claims are much more likely to present cases in which a social policy against the fraud, external to the contractual obligations of the parties, exists.")). Additionally, the Third Circuit Court has recognized that "'[a]pplication of [the gist of the action] doctrine frequently requires courts to engage in a factually intensive inquiry as to the nature of a plaintiff's claims.'" *Frank C. Pollara Grp., LLC v. Ocean View Inv. Holding, LLC*, 784 F.3d 177, 186 (3d Cir. 2015) (quoting *Addie v. Kjaer*, 737 F.3d 854, 868 (3d Cir. 2013)).

While Pennsylvania state and federal courts sometimes diverge in their interpretation of the gist of the action doctrine in this context, recent decisions from the Western District of Pennsylvania have concluded that the gist of the action doctrine should not be employed to bar a fraudulent inducement claim at the motion to dismiss stage. *E.g.*, *Mentecky v. Chagrin Land, L.P.*, 2023 U.S. Dist. LEXIS 151658, at 12-13 (W.D. Pa. Aug. 28, 2023) (holding gist of action doctrine did not bar intentional misrepresentation claim at motion to dismiss stage); *Angstrom Indus. Grp., LLC v. Blume Honey Water*, 2019 U.S. Dist. LEXIS 11895, at *7-8 (W.D. Pa. Jan. 24, 2019) ("[T]he gist of the action doctrine does not subject Plaintiff's claims for fraudulent inducement and negligent misrepresentation to dismissal."); *Techinomics, Inc. v. Forest Power & Energy Holding, Inc.*, 2017 U.S. Dist. LEXIS 72874, at *8 (W.D. Pa. May 11, 2017), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 89281 (W.D. Pa. June 9, 2017).

Therefore, without the development of a full factual record, the Court cannot conclude at this time that the gist of the action doctrine bars Gunton's fraudulent inducement claim. However, nothing prevents TOA from renewing its argument, as appropriate, at a later stage in this

proceeding.

    2. *Rule 9(b)*

Next, TOA argues that the fraudulent inducement claim fails because Gunton did not plead sufficient facts to support a plausible inference of fraud. (ECF No. 11 at 4-5.) TOA contends that the Complaint simply recites the elements of fraudulent inducement and "follows each element with a conclusory statement that TOA has satisfied it[,]" thus falling short of Federal Rule of Civil Procedure 9(b)'s heightened pleading standard for fraud claims. (*Id.* at 4.)

Both parties agree that the elements of fraudulent inducement under Pennsylvania law are:

> (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.

*Eigen v. Textron Lycoming Reciprocating Engine Div.*, 874 A.2d 1179, 1185 (Pa. Super. Ct. 2005) (quoting *Skurnowicz v. Lucci*, 798 A.2d 788, 793 (Pa. Super. Ct. 2002)).

Under Rule 9(b), a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).

The Complaint alleges that, at the time the Agreement was offered, TOA had no intention of abiding by the requirement that all window orders be placed using a formal purchase order. (ECF No. 1 ¶¶ 36-37.) Despite TOA's inclusion of this requirement in the Agreement, Gunton

7

alleges, TOA intended all along to amend its orders by other means "so as to expand the number of windows at issue without formally revising the purchase order." (ECF No. 15 at 2.)  Gunton further alleges that TOA employees knowingly misrepresented that Gunton would be compensated for the additional windows.  (*Id.* ¶ 39.)  These misrepresentations were purportedly made to induce Gunton into fulfilling said orders.  (*Id.* ¶¶ 39-40.)  Gunton claims to have justifiably relied on these misrepresentations, thereby resulting in substantial losses in the form of unpaid window orders.  (*Id.* ¶¶ 41-42.)

The Court agrees that given the requirement to plead fraud with particularity, Gunton's Complaint lacks sufficient facts to state a claim for fraudulent inducement.  While Gunton alleges that TOA had no intention of abiding by the Agreement's requirement that "formal" purchase orders be used to place all window orders, it fails to allege any facts that support this conclusory statement.  For example, does Gunton allege that TOA had no intention of abiding by this provision as to all orders that were ultimately placed?  Or did TOA sometimes abide by this provision and at other times did not?  Since the damages sought in this count are identical to the amount at issue in Gunton's contract claim, the Complaint provides no facts that would place TOA on notice as to the possible existence of "formal" orders placed in compliance with the Agreement as opposed to those that may have been induced by fraudulent misrepresentations.

Further, the Complaint includes no factual allegations to support its bald assertion that the amendments or changes to previous purchase orders were intentionally made to induce Gunton to provide additional or different windows without compensation.  Nor does it provide any facts about what was actually represented by TOA during its amendment of the orders at issue.   In addition, there are no specific facts supporting the falsity of TOA's alleged representations, whatever those

8

representations may be. *See Corle Bldg. Sys. v. Odgen Welding Sys.*, 684 F. Supp. 3d 390, 406 (W.D. Pa. Jul. 26, 2023) ("At the motion to dismiss stage, the falsity of this representation must be sufficiently pled through raising factual allegations in support."). Gunton's fraudulent inducement claim therefore lacks the particularity required under Rule 9(b) to state a cognizable claim.

As a result, TOA's motion to dismiss Count II will be granted. If, however, a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 236 (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)). "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Because the Court cannot conclude that amendment of the fraudulent inducement claim would be futile, the dismissal of Count II will be without prejudice and Gunton will be granted leave to amend if it chooses to do so.

### B. Unjust enrichment

Finally, TOA argues that Gunton's unjust enrichment claim is barred under Pennsylvania law because a written contract exists between the two parties. (ECF No. 11 at 8.) Gunton counters that its unjust enrichment claim is a permissible alternative theory of recovery under Federal Rule of Civil Procedure 8. (ECF No. 15 at 11-12.)

Under Rule 8(d), a "party may state as many express claims or defenses it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). "This Rule permits inconsistency in both legal and factual allegations and has been interpreted to mean that a court may not construe a plaintiff's first claim as an admission against another alternative or inconsistent claim." *Indep. Enters. Inc. v. Pitt.*

*Water & Sewer Auth.*, 103 F.3d 1165, 1175 (3d Cir. 1997). "At the motion to dismiss stage, where a plaintiff 'may not ultimately recover on both[,] a breach of contract claim and an unjust enrichment claim does not impugn the well settled principle that under both federal law and Pennsylvania law a plaintiff may plead both.'" *Travelers Cas. & Sur. Co. of Am. v. Bunting Graphics, Inc.*, 2022 U.S. Dist. LEXIS 13698, at *8 (W.D. Pa. Jan. 25, 2022) (quoting *Alpha Pro Tech, Inc. v. VWR Int'l LLC*, 984 F. Supp. 2d 425, 445-46 (E.D. Pa. 2013)).

Gunton's unjust enrichment claim is based on TOA's anticipated position that any additional windows ordered fall outside the scope of the parties' written contract because they were obtained without using the formal purchase order process required by the Agreement. In fact, Count III of the Complaint expressly pleads, "To the extent TOA denies the existence of a contract by and between TOA and Gunton, then Gunton is entitled to assert a claim for unjust enrichment." (ECF No. 1 ¶ 45.) While Gunton likely will be required to abandon one of these two claims at some point, it is not foreclosed from pleading alternative or inconsistent theories of recovery at this early stage of the litigation.

Accordingly, TOA's motion to dismiss Count III is denied.

### IV.    Conclusion

For these reasons, Defendant TOA's partial Motion to Dismiss (ECF No. 10) is granted in part and denied in part.

Appropriate order to follow.


Dated:  August 27, 2024                             /s/ Patricia L. Dodge
                                                    PATRICIA L. DODGE
                                                    United States Magistrate Judge